UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **LYNDON MIJOSPEH PIERRE**, *Plaintiff* V. **SHEILA VASQUEZ**, in her Official Capacity as Manager of the Texas Department of Public Safety-Sex Offender Registration Bureau; **STEVEN McCRAW**, in his Official Capacity as Director of the Texas Department of Public Safety; and, **THE TEXAS DEPARTMENT OF PUBLIC SAFETY**; *Defendants* | CAUSE NO. 1: 20-cv-00224-LY |

**PLAINTIFF'S APPLICATION FOR**

**PRELIMINARY INJUNCTION**

TO THE HONORABLE OF SAID COURT:

COMES NOW Plaintiff Lyndon Mijoseph Pierre, and, pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution; 28 U.S.C. Sections 1343 (a)(4); 28 U.S.C. §1450; 42 U.C.S. §§ 1983 and 1988; and, Rules 6(d) and 65 of the Federal Rules of Civil Procedure; files this *Application for a Preliminary Injunction*, and in this connection would respectfully show unto the Court as follows:

# I.

## PRIOR PROCEEDINGS IN STATE COURT

This action was filed by Applicant (hereinafter "Plaintiff") in the 345th Judicial District Court of Travis County, Texas, on January 30, 2020.[1] On February 4, 2020, Plaintiff filed an application for a temporary restraining order in State District Court.[2] On February 24, 2020, after all Defendants had been served with and answered Plaintiff's petition and application,[3] the State District Court granted Plaintiff's application for a temporary restraining order ("TRO").[4] The Defendants appeared by and through their counsel, Assistant Attorney General of Texas Seth Dennis, at the hearing on Plaintiff's application on February 24, 2020. At the conclusion of the said hearing, Defendants received notice of the contents of the TRO, and notice of the fact that it had been granted and was entered by the State District Court.

The State District Court's TRO, as granted as requested by Plaintiff, prohibited Defendants and their agents, or anyone acting in concert with them, from engaging in certain actions. Among other actions, the TRO prohibited Defendant and their agents from engaging in any actions for the purpose of placing Plaintiff on Texas' sex offender registry, or placing information identifying Plaintiff as a person required to register as a sex offender, on to the online, publicly accessible, computer database maintained by Defendants, as might otherwise have been authorized by Chapter 62 of the Texas Code of Criminal Procedure.[5]

---

[1] Dkt.#4, pages 2-12 (Plaintiff's original petition filed in State District Court).
[2] Dkt.#4, pages 13-73 (Plaintiff application for temporary restraining order filed in State District Court).
[3] Dkt.#4, pages 74-92 (proof of service, Defendants' answers and responses to Plaintiff's petition and application filed in State District Court).
[4] Dkt.#4, pages 93-95 (State District Court order granting Plaintiff's TRO).
[5] Id., Dkt.#4, pages 94-95.

A hearing to determine whether the State District Court's TRO should be extended by entry of a temporary injunction was set in the State District Court for Wednesday, March 4, 2020.[6] However, on February 28, 2020, Defendants filed a notice of removal in this case pursuant to 28 U.S.C. Section 1441.[7] Under 28 U.S.C. §1450 and Rule 65(b)(2) of the Federal Rules of Civil Procedure, as interpreted by the U.S. Supreme Court in *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423 (1974), the State District Court's TRO will expire on Friday, March 13, 2020, which is 14 (fourteen) days after the date of removal, unless it is extended by entry of a preliminary injunction by this Court on or before March 13, 2020.

## II.

## PLAINTIFF'S REQUEST FOR RELIEF AND
## GROUNDS IN SUPPORT THEREOF

As the result of Defendants' removal of this case, Plaintiff intends in due course to amend his pleadings by filing an original federal complaint. For purposes of this application for a preliminary injunction, however, the Plaintiff, except to the extent stated below, hereby incorporates by reference in this application his original petition,[8] and the application for interim relief,[9] which he filed in the State District Court. In this connection, the U.S. Supreme Court has ruled that, in this context, a plaintiff's "pleadings filed in state court…need not be duplicated in federal court." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, *supra,* 415 U.S. at 435-436.

---

[6] Dkt.#4, page 95 (State District Court order granting Plaintiff's TRO).
[7] Dkt.#1, pages 1-3 (Defendants' notice of removal).
[8] Dkt.#4, pages 2-12 (Plaintiff's original petition filed in State District Court).
[9] Dkt.#4, pages 13-73 (Plaintiff application for temporary restraining order filed in State District Court).

## III.

## STANDARD FOR ISSUANCE OF PRELIMINARY INJUNCTION

A party seeking a preliminary injunction generally must show (1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction is not granted, (3) that the injury outweighs any harm to the other party, and (4) that granting the injunction will not disserve the public interest. A preliminary injunction may be issued on a *prima facie* showing that the party seeking it is entitled to relief. *Brock Services, L.L.C. v. Rogillio*, 936 F.3d 290, 296 (5th Cir. 2019).

## IV.

## REQUEST FOR EXPEDITED HEARING

Rule 65(a)(1) of the Federal Rules of Civil Procedure ("Rule 65(a)(1)") provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." As previously stated, the State District Court's TRO in this case will expire on **Friday, March 13, 2020**.

The Fifth Circuit has ruled Rule 6(d) of the Federal Rules of Civil Procedure ("Rule 6(d)") applies to applications for a preliminary injunction; that compliance with Rule 65(a)(a)(1) "requires five days' notice before a hearing on a motion [seeking a preliminary injunction]"; and that, "weekends and holidays may not be included in the computation of [this] five-day period." *Parker v. Ryan*, 960 F.3d 543, 544-545 (5th Cir. 1992). Accordingly, Plaintiff moves the Court to set this application for hearing not later than Friday, March 13, 2020; and moves the Court *to provide Defendants with notice of the order setting such hearing not later than* **Friday, March 6, 2020.**

## V.

## PROPOSED ORDERS

In accordance with Local Rule CV-5(a) and Section 9 (d) of the Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases of the U.S. District Court for the Western District of Texas (as revised on December 1, 2016), Plaintiff has attached to this motion proposed orders relating to a) his request that this matter be set for an early hearing; and b) his request that a preliminary injunction in this case be granted.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Court will grant an early hearing on this matter and, after such hearing, grant Plaintiff's application for a preliminary injunction.

Respectfully submitted,

*/s/ Richard Gladden*
Texas Bar No. 07991330
1200 West University Dr., Suite 100
Denton, Texas 76201
940/323-9300 (voice)
940/539-0093 (facsimile)
richscot1@hotmail.com (email)
*Attorney-in-Charge for Plaintiff*

## CERTIFICATE OF SERVICE

I, Richard Gladden, hereby certify that I have delivered a true and correct copy of the foregoing document on Defendants Sheila Vasquez, Steven McCraw, and the Texas Department of Public Safety, by use of the electronic CM/ECF filing system, through their Attorney of Record, Seth Dennis (email: seth.dennis@oag.texas.gov), on this 1st day of March, 2020.

*/s/Richard Gladden*