UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**LYNDON MIJOSPEH PIERRE**,

*Plaintiff*

V.

**SHEILA VASQUEZ**, in her Official Capacity as Manager of the Texas Department of Public Safety-Sex Offender Registration Bureau;

**STEVEN McCRAW**, in his Official Capacity as Director of the Texas Department of Public Safety; and,

**THE TEXAS DEPARTMENT OF PUBLIC SAFETY**;

CAUSE NO. 1:20-cv-00224-LY

*Defendants*

## ORDER ON PLAINTIFF'S APPLICATION FOR

## A PRELIMINARY INJUNCTION

On this day came on to be considered in the above captioned and numbered cause the Plaintiff's application for a preliminary injunction. The Court, having considered the application, and having received evidence and heard argument thereon, is of the opinion that Plaintiff's application for a preliminary injunction should be, and is hereby, GRANTED.

### SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS

The Court finds that on or about January 9, 2020, Defendants Vasquez and McCraw, in their official capacities, and the Defendant Texas Department of Public Safety, made an *ex parte* administrative determination, without affording Plaintiff prior notice or opportunity to be heard, that Plaintiff is required to register as an "extrajurisdictional sex offender" under Article 62.001(10)(A)(ii) of the Texas Code of Criminal Procedure ("Article 62.001(10)(A)(ii)")

1

(providing the term "extrajurisdictional registrant" means "a person who is required to register as a sex offender under…federal law").

The Court further finds there is a substantial likelihood that Plaintiff will prevail on the merits of one or more of his claims. For example, the offense upon which Defendants based their decision, i.e., Plaintiff's conviction for knowingly attempting, on or about July 24, 2015, to transport an adult female in interstate commerce, from Arizona to Texas, with intent that such adult female engage in prostitution and sexual activity, in violation of 18 U.S.C. § 2421 (a)("§ 2421 (a)"), does not appear to be a "sex offense" as defined by 34 U.S.C.§ 209011(1) of the Sex Offender Registration and Notification Act ("SORNA"). The evidence presented by Plaintiff establishes a substantial likelihood that, on the merits, he will prevail on his claim that under 34 U.S.C.§ 209011(5)(C) of SORNA, Plaintiff's conviction under § 2421(a) involved "consensual" sexual conduct that was not a "sex offense" as defined by SORNA, because his victim was an "adult," and the adult victim was not "under the custodial authority" of Plaintiff at the time of the offense. Thus, because Plaintiff's offense under § 2421 (a) is not a "sex offense" as defined by 34 U.S.C.§ 209011(1), a substantial likelihood exists that, on the merits, Plaintiff will prevail on his claim that Defendants violated his rights to procedural due process under the Fourteenth Amendment of the U.S. Constitution, when they determined he is an "extrajuridictional sex offender," as defined Article 62.001(10)(A)(ii), who must register as such under Chapter 62 of the Texas Code of Criminal Procedure ("Chapter 62").

The basis for the constitutional violations alleged by Plaintiff is well-settled. In *Coleman v. Dretke*, 395 F.3d 216 (5th Cir. 2004), the United States Court of Appeals for the Fifth Circuit ruled that a person "who ha[s] not been convicted of a sex offense" as defined by statutory law "ha[s] a liberty interest created by the Due Process Clause in freedom from sex offender

classification and conditions," and that the Fourteenth Amendment prohibits the taking of that liberty interest by the State of Texas without procedure due process. Id., 395 F.3d at 222. Although the U.S. Supreme Court has ruled in certain contexts that procedural due process under the Fourteenth Amendment does not invariably require a "pre-deprivation" hearing (or adversarial process) before deprivation of a liberty interest can occur;[1] the Court has consistently ruled pre-deprivation due process may be constitutionally dispensed with *only* under circumstances wherein "the legitimate interest of the party opposing the hearing might be defeated outright if such a hearing were to be held."[2] As the Supreme Court has also ruled, "it is fundamental that except in emergency situations" procedural due process requires "that when a State seeks to terminate an interest…it must afford notice and opportunity for hearing appropriate to the nature of the case *before the termination becomes effective*."[3] In the present case it appears Defendants provided Plaintiff with no pre-deprivation procedural due process whatsoever, and it appears no exigent circumstances existed which justified Defendants' decision to dispense with providing Plaintiff with notice and an opportunity to be heard before their determination that he is required to register as a sex offender under Chapter 62 of the Texas Code of Criminal Procedure.

## IRREPARABLE INJURY IF RELIEF IS NOT GRANTED

As the result of Defendants having determined Plaintiff is a "sex offender" under Texas law, the Plaintiff is, and without the Court intervention will be for the foreseeable future, subjected to the "stigma" and "other adverse consequences" described in *Coleman v. Dretke*, *supra*, 395 F.3d at 223 n. 7. The aforementioned stigma and adverse consequence would be directly caused by Defendants decision to label Plaintiff a "sex offender." Additionally, without

---

[1] *E.g., Mathews v. Eldridge*, 424 U.S. 319, 344-345, 96 S.Ct. 893 (1976).
[2] *Arnett v. Kennedy*, 416 U.S. 134, 188, 94 S.Ct. 1633 (1974).
[3] *Bell v. Burson*, 402 U.S. 535, 542, 91 S.Ct. 1586 (1971)(emphasis added).

the Court's intervention Plaintiff would confront the real, and not purely hypothetical, prospect of being arrested and prosecuted for failing to register as a sex offender under both federal and state law. Because this litigation functionally constitutes an action against the State of Texas, Plaintiff will likely be unable to obtain compensatory damages against Defendants in their official capacities, even should he prevail on the merits of his claims, due to Defendants' immunity from liability under the Eleventh Amendment to the U.S. Constitution. Furthermore, the constitutional injury that would be sustained by Plaintiff without the Court's immediate intervention is "irreparable" in the sense that it cannot be accurately measured, and ordinarily could not be fully remedied by a monetary damage award.[4]

## THE INJURY OUTWEIGHS ANY INTERIM HARM TO DEFENDANTS

The U.S. Supreme Court has recognized that "[t]he sexual abuse of a child is a most serious crime and an act repugnant to the moral instincts of a decent people," *Packingham v. North Carolina*, --- U.S. ---, 137 S.Ct. 1730, 1736 (2017), and that even with regard to less serious sexual offenses a state has a legitimate governmental interest in preventing the commission of such crimes. However, the criminal offense which formed the basis for Defendants' determination that Plaintiff is required to register as a "sex offender" did not involve a minor victim, but rather "consensual" sexual activity involving an "adult."

Furthermore, under Chapter 62, Plaintiff's relative propensity to engage in unlawful sexual activity, according to Texas' criminal court of last resort, is "irrelevant" to "the statutory scheme" that requires registration. *Ex Parte Robinson*, 116 S.W.3d 794, 796 (Tex. Crim. App.

---

[4] *See Deerfield Med. Ctr. V. City of Deerfield Beach*, 661 F.2d 328 (5th Cir. 1981); *see also Elrod v. Burns*, 427 U.S. 347 (1976)(loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury); *Shaw v. Garrison*, 467 F.2d 113, 120 (5th Cir.) *cert. denied*, 409 U.S. 1024 (1972) (irreparable injury resulting from violation of federal right to be free from bad faith prosecutions); *Doe v. Duncanville Indep. Sch. Dist*, 994 F.2d 160, 166 (5th Cir. 1993)(irreparable injury resulting from violation of Establishment Clause); *Basicomputor Corp. v. Scott*, 973 F.2d 507, 512 (6th Cir. 1992)(stating damages are immeasurable).

2003)("The Texas statute, like the Connecticut one, requires registration of all sex offenders, dangerous or not."). The Defendants thus cannot persuasively contend the possibility that any person may pose a sexual threat to the community, or a presumption that all persons do, constitutes a "legitimate" governmental interest that would justify the interim deprivation of Plaintiff's liberty interests in this case. Neither Defendants, nor any other state or federal official, has ever considered whether Plaintiff poses a threat to the community by reason of his lack of sexual control.

The Defendants also cannot persuasively contend they have a "legitimate interest" which "might be defeated outright" if they were required to provide Plaintiff with a pre-deprivation hearing.[5] Nor can Defendants persuasively contend an "emergency" existed (or exists presently) which would excuse them from providing Plaintiff with a pre-deprivation hearing.[6] These contentions would be supported by nothing more than an unconstitutional presumption that any person may pose a sexual threat to the community, or that all persons do. Thus, the Court finds the legitimate interests of Defendants, if any, are outweighed by the irreparable harm to Plaintiff who, for an indefinite period of time, would be required to endure the stigma and adverse consequences of being classified a "sex offender" who is required to register as such.

## GRANTING INTERIM RELIEF WILL NOT DISSERVE
## THE PUBLIC INTEREST

For essentially the same reasons set out above, the granting of the preliminary injunction sought by Plaintiff will not disserve the public interest.

---

[5] *Arnett v. Kennedy*, 416 U.S. 134, 188 (1974).
[6] *Bell v. Burson*, 402 U.S. 535, 542 (1971).

## RELIEF GRANTED

Having determined that Plaintiff has shown (1) a substantial likelihood of success on the merits; (2) irreparable injury if the injunction is not granted; (3) that his injuries would outweigh any harm to the State of Texas; and (4) that granting the injunction will not disserve the public interest; it is therefore **ORDERED**, pursuant to Rule 65 of the Federal Rules of Civil Procedure, that Defendants Vasquez, McCraw, and the Texas Department of Public Safety, and their agents, successors, assigns, and anyone acting in concert with them, are hereby **ENJOINED** and commanded to immediately **DESIST AND REFRAIN** from:

a) accepting any information concerning Plaintiff, from any state or federal official, for the purpose of placing Plaintiff on a sex offender database or registry;

b) posting information associated with or identifying Plaintiff on any publicly accessible electronic "sex offender database" maintained by the Texas Department of Public Safety; and from,

c) engaging in any other actions intended for the purpose, or likely to cause, any deprivation of Plaintiff's liberty based on his failure to comply with the sex offender registration requirement imposed by and enforced under Chapter 62 of the Texas Code of Criminal Procedure.

## SECURITY REQUIREMENT FOR ISSUANCE OF PRELIMINARY INJUNCTION UNDER RULE 65(c)

The State District Court in this case issued its temporary restraining order without requiring Plaintiff to post a security bond.[7] Federal Civil Procedure Rule 65(c) states that no restraining order "shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or

---

[7] Dkt.#4, page 95 (State District Court order granting Plaintiff's TRO).

suffered by any party who is found to have been wrongfully ... restrained." Under the Fifth Circuit's interpretation of Rule 65(c), the amount of security required by the rule is a matter within the discretion of the District Court, and this Court "may elect to require no security at all." *City of Atlanta v. Metropolitan Atlanta Rapid Transit Authority*, 636 F.2d 1084, 1094 (5th Cir. 1981)(listing cases). Because Plaintiff's claims may fairly be characterized as "public-interest litigation" which is "an area in which the courts have recognized an exception to the Rule 65 security requirement," id., 636 F.2d at 1094; and because it appears Defendants will incur no financial costs or monetary loss from issuance of the preliminary injunction; the Court hereby exercises its discretion and orders that Plaintiff shall not be required to provide security as a condition to the issuance of this injunction.

SIGNED this _____ day of March, 2020.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE