IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LYNDON MIJOSEPH PIERRE,<br>            PLAINTIFF,<br><br>V.<br><br>SHEILA VASQUEZ, IN HER OFFICIAL<br>CAPACITY AS MANAGER OF THE<br>TEXAS DEPARTMENT OF PUBLIC<br>SAFETY-SEX OFFENDER REGISTRATION<br>BUREAU; TEXAS DEPARTMENT OF<br>PUBLIC SAFETY; AND STEVEN<br>MCCRAW, IN HIS OFFICIAL CAPACITY<br>AS DIRECTOR OF THE TEXAS<br>DEPARTMENT OF PUBLIC SAFETY,<br>            DEFENDANTS. | CAUSE NO. 1:20-CV-224-LY |

## MEMORANDUM OPINION AND ORDER

Before the court is the above-styled action that was removed from the 345th Judicial District Court of Travis County, Texas, on February 28, 2020 (Doc. #1). In 2015, Plaintiff Lyndon MiJoseph Pierre was convicted of one count Attempted Interstate Transportation of Individual for Prostitution in Arizona. *See* 18 U.S.C. § 2421. In 2020, Pierre was notified that he must register as sex offender in Texas. Pierre alleges that Defendants Sheila Vasquez, Steven McCraw, and the Texas Department of Public Safety (the "Department") violated federal and state law by not providing notice or an opportunity to dispute the sex-offender-registration determination.

Pierre seeks (1) a declaratory judgment stating his conviction does not require sex-offender registration, and (2) an injunction to prevent placing Pierre on a publicly-accessible electronic "sex offender database" or any enforcement action based on failure to comply with the sex-offender-registration requirement imposed and enforced by Chapter 62 of the Texas Code of Criminal Procedure (the "Code"). *See* Tex. Code Crim. Proc. Ann. art. 62.001–.408.

Specifically, Pierre requests that the court declare that his conviction is not a "sex offense" as defined by the Sex Offender Registration and Notification Act ("SORNA"), and the Department cannot require Pierre to register as a sex offender under the extrajurisdictional-registrant provision of the Code without due process of law. *See* 34 U.S.C. § 20901-20991; Tex. Code Crim. Pro. Ann. art. 62.001 § (10)(A)(ii).

## I. Background

On September 9, 2015, a federal grand jury in the District of Arizona returned a two-count indictment charging Pierre in the first count with knowingly attempting to transport an individual in interstate commerce with intent that such individual engage in prostitution and sexual activity and in the second count with knowingly attempting to persuade, induce, entice, and coerce an individual to travel in interstate commerce to engage in prostitution and sexual activity. *See* 18 U.S.C. §§ 2421, 2422(a).

On July 8, 2016, Pierre entered into a negotiated plea agreement with the United States. In his allocution, Pierre admitted his guilt to the first count by affirming the truth of the following:

> I, Lyndon MiJoseph Pierre, between July 18, 2015, and July 24, 2015, met a person who I believed to be an adult woman named Vanessa through social media on the Internet. I attempted to transport Vanessa from Mesa, Arizona to Houston, Texas with the intent that Vanessa engage in prostitution. To further this plan, I secured a Greyhound bus ticket to transport Vanessa from Arizona to Texas, and I drove to the Greyhound bus station in Houston, Texas with the intent of picking up Vanessa once she arrived.

Under the plea agreement, the United States agreed to abandon the allegations contained in the second count of the indictment. On September 26, 2016, the Arizona federal court approved the plea agreement, entered a judgment of conviction on the first count, and sentenced Pierre to 16 months confinement (with credit for time served) and a term of three years supervised release. The court dismissed the second count of the indictment.

2

In its judgment of conviction, the court imposed several conditions on Pierre's supervised release, but made no finding that Pierre was a "sex offender" as defined by SORNA. The judgment does not require Pierre to register as a "sex offender" under SORNA. *See* 34 U.S.C.§ 20901.

Following Pierre's discharge and release from the term of confinement, he complied with all conditions of his term of supervised release. In late December 2019 or early January 2020, however, Pierre's probationary supervisor Kim Lucas contacted the Texas Sex Offender Registration Bureau of the Texas Department of Public Safety (the "Bureau") to inquire whether Pierre's conviction required him to register as a sex offender under Texas law.

On January 9, 2020, Lucas received an email from a Bureau employee that included an email forwarded from "TxSor_Legal." The email described Pierre as an "EJO" (extrajurisdictional offender) due to his "2015 offense" that would require "registration for 15 years." The email disclosed two official determinations. First, the email stated that Pierre's conviction did not contain "elements substantially similar to" elements of a "reportable" sex offense requiring registration under Texas law. Tex. Code Crim. Pro. Ann. art. 62.001 § (5). Second, the email determined that Pierre's conviction rendered him an "extrajurisdictional registrant" who must register with the state, though not otherwise required to register under Texas law. *Id.* § (10)(A)(ii). The Code defines an extrajurisdictional registrant as one required to register as a sex offender under "federal law or the Uniform Code of Military Justice." *Id.*

The Department officially adopted the conclusions of the email. Having determined that Pierre is required to register under federal law and is therefore an "extrajurisdictional registrant," the Department notified Lucas that Pierre is required to register as a sex offender under Texas law. The Department did not provide Pierre notice or an opportunity to challenge the sex-offender-registration determination.

3

Pierre contends that Bureau's determination is erroneous and directs the court to Texas statutory law and administrative rules that he posits impose a duty on the Department to comply with procedural constraints when making a "contested" determination that a person is required to register as a sex offender under Texas law. *See* Tex. Gov't Code Ann. art. 2001.003 § (1) ("'Contested case' means a proceeding . . . in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing."); 37 Tex. Admin. Code Ann. art. 29.2 ("These rules shall govern the procedure for the institution, conduct and determination of all contested cases arising under the [Texas Department of Public Safety]'s jurisdiction . . . .").

On January 21, 2020, Pierre filed a *pro se* motion in the Arizona federal court—the original trial court—seeking early discharge from his supervised release. The court granted the motion. Notwithstanding the early discharge, the Bureau's determination currently exposes Pierre to threat of arrest and prosecution, should he fail to register as an extrajurisdictional offender in Texas.

Pierre originally filed this case in Texas state court on January 30, 2020. The state court granted Pierre a temporary restraining order on February 24, 2020, that commanded Vasquez, McCraw, and the Department to desist and refrain from (a) accepting any information from a state or federal official for the purpose of placing Pierre on a sex-offender database or registry, (b) posting information associated with or identifying Pierre on any sex-offender database maintained by the Department, and (c) engaging in any actions intended for the purpose, or likely to cause, any deprivation of Pierre's liberty based on a failure to comply with sex-offender registration rules.

On February 28, 2020, the Department removed the case here and filed a Motion to Dismiss with Brief in Support (Doc. #2), and Defendants McCraw and Vasquez filed a Motion to Dismiss with Brief in Support (Doc. #3). On March 1, 2020, Pierre filed an Application for Preliminary

4

Injunction (Doc. #6) (the "Application"). Defendants collectively filed a response to the Application on March 4, 2020 (Doc. #7), and Pierre filed a reply on March 5, 2020 (Doc. #8).

On March 6, 2020, the court held a telephone conference in which all parties agreed to extend the state-court temporary restraining order until 5:00 p.m. on April 28, 2020, the then anticipated trial date (Doc. #9). Pierre responded to the motions to dismiss on March 10, 2020 (Doc. #12). On March 20, 2020, Pierre filed an Original Federal Complaint after Removal (Doc. #16). On March 23, 2020, the court held a telephone conference in which all parties appeared by counsel. The court informed the parties that the trial date of April 28, 2020, would be cancelled due to circumstances created by COVID-19. On March 24, 2020, the court signed an order cancelling the trial date (Doc. #18). The parties agreed to further extend the temporary restraining order (Doc. #19). On March 25, 2020, the court ordered that the temporary restraining order remain in effect until the trial concluded on the merits (Doc. #21).

On March 30, the court set June 8, 2020, as the new trial date (Doc. #22). On April 3, 2020, the Department filed an answer (Doc. #23) to Pierre's Application. Pierre filed a trial brief on May 11, 2020 (Doc. #25). The Department filed a trial brief on May 18, 2020 (Doc. #28). On May 26, 2020, the parties filed Joint Stipulations of Fact, Contested Issues of Fact, Proposed Findings of Fact, and Proposed Conclusions of Law (Doc. #30), and Pierre filed Record Citations Concerning Contested Issues of Fact (Doc. #31) and a reply to the Department's trial brief (Doc. #32). On May 29, 2020, the court held a telephone conference in which all parties appeared by counsel. At its conclusion, the court cancelled the June 8, 2020, trial date (Doc. #33) to accommodate the parties in obtaining witnesses.

"If, on a motion under Rule 12(b) (6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under

Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). On July 28, 2020, the court provided notice to the parties of its intention to convert the motions to dismiss in this case into motions for summary judgment (Doc. #35). All additional materials in support of or in opposition to the motions for summary judgment were due on or before August 11, 2020. To date, no additional materials have been filed. The motions to dismiss are now converted by the court to motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

Because the court determines that the Department's motions, response to the Application, answer, and trial brief are inextricably intertwined, the court considers them together. Having carefully considered the filings, the parties' stipulations and briefs, the arguments of counsel, and the applicable law, the court renders this opinion and order.

## II. Legal Standard

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986)). If the moving party meets its burden, the nonmovant is required to go beyond the pleadings and show admissible evidence that specific facts over which there is a genuine issue exist for trial. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996).

An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling

on a motion for summary judgment, all inferences drawn from the factual record must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Mere conclusory allegations are not competent summary-judgment evidence and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and articulate the precise way that evidence supports her claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the summary judgment motion. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, courts must grant summary judgment. *Celotex*, 477 U.S. at 322–23.

### III. Analysis

At the threshold, Pierre cannot succeed on the merits of his claims against the Department because it is not a "person" for purposes of vindicating constitutional rights through a Section 1983 claim. *See* 42 U.C.S. § 1983; *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (explaining that Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties" because of Eleventh Amendment sovereign immunity). The court will therefore dismiss all claims against the Department because it enjoys sovereign immunity as an arm of the state of Texas.

The analysis is not as straightforward for Defendants Steven McCraw and Sheila Vasquez, however. As state officials sued in their official capacity for injunctive relief, they are persons under Section 1983 because "official capacity actions for prospective relief are not treated as actions against the State." *Id.* at 71 n.10. Therefore, without first deciding whether Pierre has standing, the court concludes that Vasquez and McCraw are proper parties to be sued.

Pierre protests that his constitutionally protected liberty interest was violated when he did not have notice of or the opportunity to contest the Bureau's sex-offender-registration determination. He brings causes of action against Vasquez and McCraw under the Due-Process Clause of the Fourteenth Amendment to the United States Constitution, federal law, and state law.[1] The Department responds that Pierre has not suffered a cognizable due-process injury. Without a predicate injury, Pierre lacks standing to bring a Section 1983 claim. The standing inquiry "involves 'both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise.'" *Kowalski v. Tesmer*, 543 U.S. 125, 128–29 (2004). As a constitutional minimum, standing requires (1) an injury in fact; (2) a causal connection between the injury and the conduct

---

[1] *See* U.S. CONST. amend. XIV; 28 U.S.C. §§ 1343(a)(4), 1450; 42 U.C.S. §§ 1983, 1988; Tex. Gov't Code Ann. art. 2001.003 § (1); 37 Tex. Admin. Code Ann. art. 29.2.


Case 1:20-cv-00224-LY Document 36 Filed 10/14/20 Page 9 of 12

of which the plaintiff complains; and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Because causal-connection and redressability standing requirements appear uncontested, the court will confine its analysis to whether Pierre has suffered an injury in fact.

The court concludes that Pierre lacks standing to bring any of the federal causes of action alleged against Vasquez and McCraw. The court will begin its analysis with the due-process claim, the claim upon which the Section 1983 cause of action is based.

*i. Fourteenth Amendment Due-Process Clause*

Pierre alleges that he was denied due process when the decision was made that he is required under Texas law to register as a sex offender. McCraw and Vasquez argue that Pierre has had all the process to which he is due because "[w]hen an individual is convicted of a sex offense, no further process is due before imposing sex offender conditions." *Meza v. Livingston*, 607 F.3d 392, 401 (5th Cir. 2010). This argument ignores Pierre's central assertion that his conviction was not a "sex offense" conviction as defined by SORNA.

SORNA generally defines a "sex offense," for which a person must register as a sex offender under SORNA, to include Pierre's conviction, as well as an "attempt" to commit that offense. *See* 34 U.S.C. § 20911(5)(A)(iii)(a "sex offense" includes a "Federal offense…under [chapter] 117, of title 18," under which Pierre's conviction is an enumerated offense); 34 U.S.C. § 20911(5)(A)(v) (including "attempts" to commit an offense identified chapter 117, of title 18, a federal "sex offense"). Notwithstanding SORNA's general definition of the term "sex offense," SORNA provides:

> Offenses involving consensual sexual conduct. An offense involving consensual sexual conduct is *not a sex offense* for the purposes of this subchapter if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense . . . .

34 U.S.C. § 20911(5)(C) (emphasis added).


Moreover, Congress delegated authority to the Attorney General of the United States to "issue guidelines and regulations to interpret and implement" SORNA. 34 U.S.C. § 20912(b). Those regulations, the *National Guidelines for Sex Offender Registration and Notification*, have the force of law. 73 Fed. Reg. 38,030 (2008) (the "Guidelines"). The not-a-sex-offense language of the provision is explained in the Guidelines as follows:

> Not all persons who have committed offenses of a sexual nature are required to register under SORNA's standards, but only those convicted for 'sex offenses' as defined in SORNA [§ 20911(5)]. The definition incorporates a number of limitations, *including general exclusions of offenses involving consensual sexual conduct between adults* . . .

*Id.* at 38037 (emphasis added). Further clarifying SORNA's consensual-sexual-conduct exception, the Department of Justice's Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking ("SMART") provides this answer in a FAQ document:

> SORNA section 111(5)(C) addresses the minimum standards for requiring sex offender registration for consensual sexual conduct under the Adam Walsh Act. *SORNA does NOT require registration in the following situations*: 1) If both participants are adults, and neither is under the custodial authority of the other (e.g., inmate/prison guard) and the conduct was consensual, then this conduct does not constitute a registerable sex offense for purposes of the Adam Walsh Act. 2) With respect acts involving at least one minor (person under 18) who engages in consensual sexual conduct, the following minimum standards apply: Where both participants are at least 13 years old and neither participant is more than 4 years older than the other, a sex offense conviction based on consensual sexual conduct does not require registration under the Adam Walsh Act. In all situations, jurisdictions have discretion to exceed the minimum standards of SORNA and require registration upon convictions based on consensual sexual conduct.

U.S. DEP'T OF JUSTICE, FREQUENTLY ASKED QUESTIONS: THE SEX OFFENDER REGISTRATION AND NOTIFICATION ACT (SORNA) FINAL GUIDELINES 8 (2008) *available at* https://www.smart.gov/pdfs/faq_sorna_guidelines.pdf (answer to Question 11) (emphasis added).

The state of Texas is thus given "discretion to exceed the minimum standards of SORNA and require registration upon convictions based on consensual sexual conduct." *Id.* Pierre concedes that Texas can require registration by classifying his conviction as a sex offense:

> [Pierre] does not, however, contend that the State of Texas, acting through the Department and/or [the Bureau], is legally disabled from making an independent determination that [his] federal conviction under § 2421 is a "sex offense" as defined by SORNA and, *a fortiorari*, that Plaintiff is therefore required to register under Article 62.001(10)(A)(ii).

The "constitutional issue," Pierre insists, is what procedural process is due before an offender may be administratively classified as a sex offender under federal or state law. However, individuals convicted of sexual offenses have received due process. *See King v. McCraw*, 599 Fed. App'x 278, 283. Without more, Pierre cannot show a deprivation of a protected liberty interest.

A stigmatizing classification as a sex offender alone—without additional hardships such as "mandatory behavior modification," "compelled treatment," or "intensive therapy"—does not implicate liberty interests under the Due Process Clause. *Toney v. Owens*, 779 F.3d 330, 340 (5th Cir. 2015) (explaining that procedural-due-process claimants "must establish stigma—in addition to *qualitatively different conditions*—to claim an unconstitutional infringement of a liberty interest, regardless of whether reputational harm is alleged.") (emphasis added). Because Pierre has not alleged that he would be subject to such qualitatively different conditions, this claim fails.

The gravamen of his due-process claim is that Pierre was unable to contest an *ex parte* sex-offender-registration determination due to the lack of process provided by the Department. Without deciding the merits of whether state law guarantees additional process, the court concludes that Pierre lacks standing to bring a claim under the Fourteenth Amendment because current law does not recognize his injury. *See Toney*, 779 F.3d at 340; *King*, 599 Fed. App'x at 283. Thus, the court will grant summary judgment in favor of Vasquez and McCraw.

  *ii. Section 1983*

  Section 1983 provides a remedy for deprivation of constitutional rights "under color of" law. 42 U.S.C. § 1983. Without a predicate deprivation, the court concludes that the Section 1983 claim is not viable. The court will therefore grant summary judgment on the Section 1983 claim.

**IV.**  **Conclusion**

  Pierre lacks standing to bring his federal claims and only a state-law claim seeking a declaratory judgment and injunction with regard to the Department's allegedly *ultra vires* determination remains. Therefore, the court will grant summary judgment on all federal claims, decline to exercise supplemental jurisdiction, and remand the state-law claim to the 345th Judicial District Court of Travis County, Texas. Accordingly,

  **IT IS ORDERED** that the Department's motion to dismiss (Doc. #2) is converted to a motion for summary judgment and is **GRANTED**. All claims against the Defendant Texas Department are **DISMISSED WITH PREJUDICE**.

  **IT IS FURTHER ORDERED** that McCraw and Vasquez's motion to dismiss (Doc. #3) is converted to a motion for summary judgment and is **GRANTED** to the extent that the following federal claims are **DISMISSED WITH PREJUDICE**: any violation of the Due Process Clause of the Fourteenth Amendment or Title 42 United States Code Section 1983. In all other respects, the motion is **DENIED**.

  SIGNED this __14th__ day of October, 2020.

            _____
            LEE YEAKEL
            UNITED STATES DISTRICT JUDGE