IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2022 AUG -9  AM 10: 48
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
           DEPUTY

| | | |
|---|---|---|
| LYNDON MIJOSEPH PIERRE,<br>  PLAINTIFF,<br><br>V.<br><br>SHEILA VASQUEZ, IN HER<br>OFFICIAL CAPACITY AS MANAGER<br>OF THE TEXAS DEPARTMENT OF<br>PUBLIC SAFETY-SEX OFFENDER<br>REGISTRATION BUREAU AND<br>STEVEN MCCRAW, IN HIS<br>OFFICIAL CAPACITY AS DIRECTOR<br>OF THE TEXAS DEPARTMENT OF<br>PUBLIC SAFETY,<br>  DEFENDANTS. | §§§§§§§§§§§§§§§ | CAUSE NO. 1:20-CV-224-LY |

## **MEMORANDUM OPINION AND ORDER AFTER REMAND**

Before the court in the above-referenced cause are Plaintiff Lyndon Mijoseph Pierre's Motion for Summary Judgment (Doc #62); Defendants Sheila Vasquez and Steven McCraw's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc #67); Pierre's Motion to Strike Defendant's Motion to Dismiss (Doc #68); and all other responses and replies.[1] Having considered the briefing, summary-judgment evidence, applicable law, and entire case file, the court will grant in part and deny in part Pierre's motion for summary judgment, grant in part and deny in part Defendants' motion to dismiss, and deny Pierre's motion to strike.

### I.    GENERAL BACKGROUND

The court derives the following summary from the summary-judgment evidence and pleadings in this case. The Texas Sex Offender Registration Bureau (the "Registration Bureau")

---

[1] Also before the court are Pierre's Advisory to the Court (Doc #63) filed April 18, 2022; Defendants' Advisory to the Court (Doc #61); and those associated responses and replies.

is a division of the Texas Department of Public Safety ("DPS"). Defendant Vasquez, a DPS employee, is the Manager of the Registration Bureau. Vasquez is personally responsible for classifying, and supervising the classification of, persons as "extrajurisdictional sex offenders." She is further responsible for placing names and identifying information of individuals determined by DPS to have reportable sex offenses on an electronic "sex offense database." Defendant McCraw is the Director of DPS. McCraw is responsible for supervising, training, and disciplining employees of the Registration Bureau such as Vasquez.

Pierre was convicted of one count of Attempted Interstate Transportation of Individual for Prostitution in Arizona. *See* 18 U.S.C. § 2421 ("Section 2421"). DPS determines whether an offense under the laws of another state, federal law, or the Uniform Code of Military Justice contains elements that are substantially similar to the elements of a Texas offense that requires sex-offender registration. If the offense is substantially similar, it is a "reportable conviction or adjudication." Tex. Code Crim. Proc. Ann. art. 62.001 § (5)(H). If the offense was *not* substantially similar to a Texas offense requiring sex-offender registration, DPS reviews the federal Sex Offender Registration and Notification Act requirements to determine if there is an extrajurisdictional registration requirement for the offense. *See* 34 U.S.C. §§ 20901–20991. DPS also reviews whether the offense falls into the (5)(C) exception to the extrajurisdictional-registration requirement. *See* 34 U.S.C. § 20911(5)(C) (providing that offense is not "sex offense" if it involved consensual sexual conduct and "the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than 4 years older than the victim").

In 2020, the Registration Bureau notified Pierre via an email composed by "TxSor_Legal," the address associated with the Registration Bureau, that Pierre must register as a sex offender in

2

Texas as a condition of his supervised release and as a result of his Arizona conviction. The email stated Pierre's conviction under Section 2421 did not contain elements "substantially similar to" elements of a "reportable" sex offense that would require Pierre to register under Texas law but that his Section 2421 conviction nonetheless rendered him an "extrajurisdictional registrant," requiring him to register under federal law. Defendants forwarded the information to Pierre's federal supervision officer.

Pierre alleges that Defendants violated federal and state law when they notified Pierre and his supervision officer that he was an extrajurisdictional registrant without providing notice or an opportunity to dispute the sex-offender determination. Pierre sues Defendants in their official capacities as agents of the State of Texas.

This court previously granted summary judgment in favor of Defendants. *Pierre v. Vasquez,* No. 20-51032, 2022 WL 68970 (5th Cir. Jan. 6, 2022). On appeal, the Court of Appeals for the Fifth Circuit reversed this court's decision and remanded the case with instructions to consider the merits of Pierre's procedural-due-process claim, including whether Pierre's conviction under Section 2421 constitutes a sex offense under federal or state law such that Texas may treat him as an "extrajurisdictional registrant." *Id.*

***Post-appeal Change in Policy***

Following remand, Defendants submitted an affidavit of Jeanine C. Hudson, the Managing Attorney of DPS's Office of Crime Records Counsel. According to Hudson's affidavit, after the Fifth Circuit's January 2022 remand order, DPS changed its policy on sex-offender registrations for individuals convicted of offenses like that of Pierre. Under the previous policy, if a person had a listed federal or Uniform Code of Military Justice sex-offense conviction, DPS reviewed the findings of the convicting court for information affirmatively indicating the person met the

3

requirements of the (5)(C) exception. If the court paperwork did not show that the person met the exception, DPS considered the individual an extrajurisdictional registrant and required the individual to register, as was the case with Pierre. Following the change in policy, if the convicting court does not indicate that registration is required, like the Arizona court in Pierre's case, DPS will not consider the person to be an extrajurisdictional registrant.

Defendants' briefing also includes a separate letter from Hudson stating that Pierre has never been on the Texas sex-offender registry. Hudson states that DPS will no longer require Pierre to register for his offense because DPS has since determined Pierre meets the (5)(C) exception.

Defendants argue that the policy change for extrajurisdictional registrants—along with the letter confirming that DPS will not require Pierre to register as a sex offender—extinguishes any case or controversy and renders Pierre's claim moot. Pierre maintains his claim for violation of rights under the Due Process Clause of the Fourteenth Amendment nonetheless remains valid. *See* Title 42 U.S.C. § 1983 ("Section 1983"). Pierre argues the "gravamen" of his complaint does not challenge the extrajurisdictional registrant policy, but instead challenges Defendants' general policy of declaring a person to be a sex offender, when the person has never been convicted or placed on community supervision for a "reportable" sex offense, and when Defendants have done so without any form of procedural due process. Alternatively, Pierre requests that the court strike Defendants' motion to dismiss because Defendants failed to file a motion for leave to file the motion and have not shown the "good cause" necessary for the court to modify the scheduling order rendered in this case. *See* Fed. R. Civ. P. 16. Due to the numerous filings from both parties in this case, Defendants' change in policy mid-litigation, and the court's inherent power to control its docket, the court excuses Defendants' failure to file a motion for leave and finds the Defendants'

4

motion complies with the requirements of Rule 16(b)(4).  *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016).  The court further notes that a litigant may raise a subject-matter-jurisdiction issue at any time throughout the action.  *Kontrick v. Ryan*, 540 U.S. 443, 444 (2004).

The court will first assess whether the Registration Bureau's policy changes after remand moot Pierre's claims.  After determining that Pierre's claim is not entirely moot, the court will address the merits of Pierre's procedural-due-process claim.

## II.   MOOTNESS

Defendants argue that DPS's voluntary cessation of the previous extrajurisdictional-registration policy, along with Defendants' determination that Pierre has never been on the sex-offender registry, nor will ever be required to register, extinguishes any case or controversy and renders Pierre's claim moot, therefore depriving the court of subject matter jurisdiction.  Pierre claims the issue remains as to whether Defendants' practices violate the constitutional right to procedural due process guaranteed by the Fourteenth Amendment.  Pierre argues DPS's policy change is constitutionally inadequate as it relates to the complained-of conduct, instead constituting mere "litigation posturing," and DPS's voluntary cessation does not render the case moot.

*Analysis*

"The doctrine of mootness arises from Article III of the Constitution, which provides federal courts with jurisdiction over a matter only if there is a live 'case' or 'controversy.'" *Dierlam v. Trump*, 977 F.3d 471, 476 (5th Cir. 2020), *cert. denied sub nom. Dierlam v. Biden*, 141 S. Ct. 1392 (2021).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 569 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)).  This court has held that "[t]he

5

requisite personal interest that must exist at the commencement of the litigation must continue throughout the existence of the litigation." *Durst v. Collier*, No. A-06-CA-139-LY, 2007 WL 9701142 (W.D. Tex. Feb. 6, 2007). If an intervening event renders the court unable to grant the litigant "any effectual relief whatever," the case is moot. *Dierlam*, 977 F.3d at 476. Alternatively, "as long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Ellis v. Railway Clerks*, 466 U.S. 435, 442 (1984). Further, "[w]here one of the several issues presented becomes moot, the remaining live issues supply the constitutional requirement of a case or controversy." *Powell v. Cormack*, 395 U.S. 486, 497 (1969).

The test for mootness in the case of voluntary cessation "is a stringent one" and the party asserting mootness bears a "heavy burden" in proving "subsequent events made it *absolutely clear* that the alleged wrongful behavior could not be reasonably expected to recur." *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968) (emphasis added). "The voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Knox v. Service Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012). If the court lacks assurance that the wrong will not be repeated, the fact that "the defendant is free to return to his old ways" combined with "a public interest in having the legality of practices settled" may prevent mootness. *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953).

Where due-process rights have been violated, "even if [plaintiffs] did not suffer any other actual injury, the fact remains that they were deprived of their right to procedural due process." *Carey v. Piphus*, 435 U.S. 247, 266 (1978). Courts have maintained jurisdiction over procedural-due-process claims where the government changed the complained-of sex-offender registration policy mid-litigation. *See, e.g., Williams v. Ballard*, 466 F.3d 330, 332 (5th Cir. 2006). The

6

*Williams* court awarded declaratory relief for the plaintiff's procedural-due-process claim but denied plaintiff's requested injunctive relief as moot. *Id.*

Despite DPS's voluntary cessation of the previous extrajurisdictional-registrant policy, Pierre's interest in vindicating his procedural-due-process right has remained and will remain throughout this litigation. DPS's policy change relieves Pierre of his registration requirement, but it does not address Pierre's claim that Defendants' failure to provide him notice or an opportunity to be heard violated his constitutional rights. Pierre's procedural-due-process claim remains a legally cognizable injury and, like in *Williams*, Pierre may be entitled to declaratory relief if his claim is meritorious. Additionally, this type of alleged procedural-due-process violation has recurred in multiple cases and the court does not find it "absolutely clear" that Defendants will provide adequate due process to those similarly situated to Pierre with DPS's changes to its extrajurisdictional-registrant policy.[2] Defendants do not point to any policy change that would ensure procedural due process and demonstrate adherence to previous Fifth Circuit decisions, such as requiring a pre-determination hearing, in their multitude of motions, replies, and responses.[3] Instead, Defendants discuss only the change in the registration policy. The court concludes that Pierre's claim is not moot because Pierre maintains a redressable injury and there remains a public interest in determining the legality of Defendants' practices in a manner consistent with previous decisions by this circuit. However, Pierre's specific requests for injunctive and declaratory relief

---

[2] *Meza v. Livingston*, 607 F.3d 392, 412 (5th Cir. 2010); *Coleman v. Dretke*, 395 F.3d 216, 225 (5th Cir. 2004) (*Coleman I*); *Coleman v. Dretke*, 409 F.3d 665, 670 (5th Cir. 2005) (*Coleman II*); and *Williams*, 466 F.3d at 332 are all cases involving procedural-due-process violations through the application of Texas's sex-offender-determination policies and practices.

[3] In *Meza*, *Coleman I*, and *Coleman II* the Fifth Circuit held an individual not convicted of a sex crime was entitled to due process prior to being required to register as a sex offender.

for the original extrajurisdictional-registrant determination are denied as moot because the change in policy has provided such requested relief.

***Remaining Issues in Dispute***

The court retains jurisdiction to render judgment on Pierre's procedural-due-process violation claim because declaratory relief may be granted for the violation of his due process rights under the precedent set by *Williams*. 466 F.3d at 330–35. The court will deny Defendants' motion to dismiss and proceed to the merits of Pierre's procedural-due-process claim.

### III.  PIERRE'S PROCEDURAL-DUE-PROCESS CLAIM

Pierre argues in his summary-judgment motion that there is no genuine dispute of fact over whether Defendants violated his procedural-due-process rights through the official determination requiring Pierre to register as a sex offender under federal law without notice or an official hearing to contest the determination. Defendants respond that Pierre's claim is moot and the court no longer has jurisdiction.

***Standard Of Review***

Courts render summary judgment when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d

at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment must identify specific evidence in the record and articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

**Procedural Due Process**

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount." *Board of Regents*

*of State Colleges v. Roth*, 408 U.S. 564, 569–70 (1972). The Fifth Circuit has determined there is a liberty interest in being free from sex-offender classifications absent a conviction of a sex offense. *See Meza*, 607 F.3d at 412; *Coleman I*, 395 F.3d at 225; *Coleman II*, 409 F.3d at 670. While Texas law authorizes a defendant's parole panel is authorized by Texas law to impose reasonable conditions on parole or mandatory supervision, *Coleman I* holds, "[w]hen those conditions impact a liberty interest of the parolee, they may be imposed only with justification." 395 F.3d at 225; *See* Tex. Gov't Code Ann. § 508.221. Absent a sex-offense conviction, the state must afford the individual "an appropriate hearing and find that he possess this offensive characteristic before imposing such conditions" in order to demonstrate said "justification." *Id. Williams* agrees, stating that "some process was required before requiring registration of parolees not convicted of a sex offense."[4] 466 F.3d at 332. *Meza* goes further, maintaining that adequate due process for a parolee who has not been convicted of a sex offense to register as a sex offender or participate in sex-offender therapy requires:

> (1) written notice that sex offender conditions may be imposed as a condition of his mandatory supervision; (2) disclosure of the evidence being presented against [the parolee] to enable him to marshal the facts asserted against him and prepare a defense; (3) a hearing at which [the parolee] is permitted to be heard in person, present documentary evidence, and call witnesses; (4) the right to confront and cross-examine witnesses, unless good cause is shown why this right should not be granted; (5) an impartial decision maker (which we assume the Board will be); and (6) a written statement by the factfinder as to the evidence relied on and the reasons it attached sex offender conditions to his mandatory supervision.

607 F.3d at 412. Alternatively, "[w]hen an individual *is* convicted of a sex offense, no further process is due before imposing sex-offender conditions." *Id.* at 401 (emphasis added).

---

[4] The *Williams* defendant, like Pierre, was placed on "mandatory supervision" rather than "paroled," but the court held the difference was immaterial "since the plaintiff in *Coleman I* was on mandatory supervision, and the court in *Coleman II* explicitly discussed the nature of mandatory supervision as implicating the due process interest at issue." 466 F.3d at 333 n.6. The court, for convenience, said Williams was "paroled." *Id.* Similarly, the court here will discuss Plaintiff as a "parolee."

10

Here, Defendants conceded at oral argument that forcing an individual to register for a non-registerable offense violates due process. Additionally, Hudson stated Pierre qualifies for the (5)(C) exception, meaning that his Arizona conviction should never have been classified as a sex offense nor should he have ever been required to register as a sex offender. Even though Defendants no longer classify Pierre as an "extrajurisdictional registrant," Defendants provided no hearing for Pierre to present evidence to demonstrate he fell into the exception. Nor did Defendants provide Pierre with written notice that he may have registration conditions imposed as a condition of mandatory supervision. Instead, Defendants notified Pierre that those conditions were being imposed with their email determination. Defendants therefore failed to give Pierre the process required under *Meza* and provided no "justification" for requiring his registration.

As Defendants have given no evidence disputing the violation of Pierre's due process, there is no genuine dispute as to any material fact in Pierre's claim. By failing to give Pierre a formal hearing or opportunity to rebut Defendants' determination that Pierre was an extrajurisdictional registrant, Defendants violated Pierre's procedural-due-process right—a right that exists to protect Pierre's liberty interest in being free from sex-offender classification absent a sex offense conviction. The final issue to resolve lies in what relief Pierre has shown himself entitled.

***Relief for Pierre's Procedural-Due-Process Claim***

Pierre's requested relief has been somewhat inconsistent throughout his filings. In Pierre's amended complaint, he requests (1) a declaratory judgment that Pierre was not an "extrajurisdictional registrant" and was not required to register as a sex offender under Chapter 62 of the Texas Code of Criminal Procedure; and (2) a permanent injunction prohibiting Defendants from identifying Pierre as a sex offender or prosecuting him for failing to register. Pierre also

requests that the court deem him a "prevailing party," award reasonable attorney's fees, and award "any other relief to which he may show himself entitled." In later briefing and in Pierre's Proposed Order, Pierre requests (1) a declaration that Defendants' failure to afford Pierre notice and an opportunity to be heard prior to labelling Pierre an extrajurisdictional registrant was a violation of Pierre's constitutional right to procedural due process; (2) a permanent injunction that prohibits Defendants from applying their unconstitutional policy in the future; and (3) nominal damages to vindicate Pierre's "absolute" constitutional right to procedural due process.

"Rule 54(c) of the Federal Rules of Civil Procedure has been construed liberally and under it the demand for relief in the pleadings does not limit, except in cases of default, the relief a court may grant when entering judgment." *Sapp v. Renfroe*, 511 F.2d 172, 176 n.3 (5th Cir. 1975). Additionally, "[t]here is no reason for denying his right to relief, if the plaintiff is otherwise entitled to it, simply because it is asked under the prayer for general relief, and upon a somewhat different theory from that which is advanced under one of the special prayers." *Lockhart v. Leeds*, 195 U.S. 427, 437 (1904).

Defendants argue Pierre cannot request a new type of relief in later briefing without seeking leave to amend his complaint. However, even if Pierre strayed from his original request, he included a prayer for general relief. Under *Renfroe* and *Lockhart*, Pierre is not limited to his specific relief requests and the court will therefore consider all requested relief. The court has already discussed that Pierre's request for injunctive relief in both iterations is moot due to DPS's change in evaluating extrajurisdictional registrants. For the reasons below, the court will grant Pierre declaratory relief and deny his nominal-damages request.

*Declaratory Relief*

"[A] district court should normally entertain a declaratory judgment action within its jurisdiction when it finds that the relief sought: (1) will serve a useful purpose in clarifying and settling the legal relations in issue; and (2) will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding." *Continental Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994) (quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375 (4th Cir. 1994)).

Pierre has shown himself entitled to declaratory relief for the violation of his procedural-due-process rights. Accordingly, Pierre is entitled to a declaratory judgment that Defendants' sex-offender determination practices, which fail to provide notice or an opportunity to be heard prior to Defendants making their sex-offender determination, are unconstitutional as applied to Pierre and other persons similarly situated who have no reportable conviction or adjudication of an enumerated sex-related offense and have not been given notice or an opportunity to challenge the determination.[5]

*Nominal Damages*

"[T]he denial of procedural due process should be actionable for nominal damages without proof of actual injury." *Piphus*, 435 U.S. at 266. However, a suit against a state official in his or her official capacity, as is the case here, is not a suit against an official, but is instead a suit against

---

[5] The magistrate's report and recommendation in *Williams*, adopted by the district court and affirmed by the Fifth Circuit stated, "[a]lthough defendants have represented that plaintiff and other persons who do not have qualifying convictions under [the Sex Offender Registration and Notification Act] will no longer be required to register as sex-offenders as a condition of their parole or mandatory supervision, a judicial declaration to that effect will help enforce that policy and afford relief from the uncertainty, insecurity, and controversy giving rise to this proceeding." No. 3-02-CV-0270-M, 2004 WL 1499457 (N.D. Tex. June 18, 2004), *report and recommendation adopted*, No. CIV.A.3:02-CV-0270-M, 2004 WL 2203250 (N.D. Tex. Sept. 30, 2004), *aff'd*, 466 F.3d 330 (5th Cir. 2006).

the official office and is no different from a suit against State itself. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). As this court has previously held, "state sovereign immunity bars suits against states for money damages, including nominal damages, which are paid from state funds." *Luke v. Texas*, No. 1:20-CV-388-LY, 2021 WL 2949479 (W.D. Tex. Apr. 30, 2021).

Pierre requests nominal damages in the sum of one dollar against Defendants in their official capacities, for the purpose of vindicating his constitutional right to procedural due process. However, as Pierre is suing Defendants in their official capacities, Pierre's request for nominal damages is essentially a suit against the State of Texas. Therefore, the court cannot award the damages without violating the Eleventh Amendment and will deny his request.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants Sheila Vasquez and Steven McCraw's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #67) is **GRANTED IN PART AND DENIED IN PART** as follows: the court **DISMISSES AS MOOT** Pierre's request for injunctive relief. Defendants' motion in all other respects is **DENIED.**

**IT IS FURTHER ORDERED** that Pierre Lyndon Mijoseph Pierre's Motion to Strike Defendants' Motion to Dismiss (Doc #68) is **DENIED.**

**IT IS FURTHER ORDERED** that Pierre Lyndon Mijoseph Pierre's Motion for Summary Judgment (Doc #62) is **GRANTED IN PART AND DENIED IN PART** as follows: the court **GRANTS** summary judgment in Pierre's favor on his procedural-due-process claim against Defendants and will render declaratory relief by separate order. Pierre's motion in all other respects, including his requests for nominal damages and his registration-related declaratory and injunctive relief requests, is **DENIED.**

SIGNED this 9th day of August, 2022.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE