UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LYNDON MIJOSEPH PIERRE, *Plaintiff* | § § § | |
| v. | § § | No. 1:20-CV-00224-LY |
| SHEILA VASQUEZ, IN HER OFFICIAL CAPACITY AS MANAGER OF THE TEXAS DEPARTMENT OF PUBLIC SAFETY-SEX OFFENDER REGISTRATION BUREAU; AND STEVEN MCCRAW, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE TEXAS DEPARTMENT OF PUBLIC SAFETY; *Defendants* | § § § § § § § § § § § § § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Lyndon Pierre's Opposed Motion for Award of Costs of Court, Attorney's Fees and Expenses, Dkt. 77. The District Court referred the motion to the undersigned for report and recommendation. Dkt. 84. Having considered the motion and all related filings, the undersigned recommends that the District Court grant Pierre's motion.

### I.  BACKGROUND

Pierre sued Defendants Sheila Vazquez, Manager of the Texas Department of Public Safety's Sex Offender Registration Bureau, and Steven McCraw, Director of

1

the Texas Department of Public Safety, seeking declaratory and injunctive relief in connection with his claim that Defendants violated federal and state law when they notified Pierre and his supervision officer that he was an extrajurisdictional sex-offender registrant without providing notice of an opportunity to dispute his sex-offender determination. *See* Dkt. 75, at 3. Pierre initially sued Defendants in state court, *see* Dkt. 4, at 2-12; and Defendants removed the case to federal court, Dkt. 1.

Defendants moved to dismiss Pierre's claims. Dkts. 2, 3. The District Court converted the motions to motions for summary judgment, Dkt. 35, and after providing the parties an opportunity to file supplemental materials, granted the motion for summary judgment, Dkt. 36, and entered a final judgment in favor of Defendants, remanding his claim for declaratory relief to the state court and denying his request for injunctive relief, Dkt. 37. Pierre appealed the decision, and the Fifth Circuit reversed the judgment in part, remanding the case with instructions to consider the merits of Pierre's procedural due process claim. *Pierre v. Vasquez*, No. 20-51032, 2022 WL 68970, at *3 (5th Cir. Jan. 6, 2022). On remand, the District Court again denied Pierre's request for injunctive relief but granted his request for declaratory relief and entered a judgment declaring that Defendants "violate[d] Pierre's constitutional right to procedural due process under the Fourteenth Amendment to the United States Constitution when they fail[ed] to afford Pierre notice and an opportunity to be heard prior to subjecting him to an official sex-offender determination." Dkt. 75, at 3. Pierre subsequently filed the present motion seeking his attorney's fees and costs, which the District Court referred to the undersigned. Dkts. 77, 84.

## II.     LEGAL STANDARD

An award of attorney's fees is entrusted to the "sound discretion" of the district court. *Tex. Commerce Bank Nat'l Ass'n v. Capital Bancshares, Inc.*, 907 F.2d 1571, 1575 (5th Cir. 1990). Nevertheless, "[i]t remains important … for the district court to provide a concise but clear explanation of its reasons for the fee award." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995) (emphasis omitted).

In a civil rights case like Pierre's, "the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The Fifth Circuit uses a two-step process to calculate recoverable attorney's fees. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). First, courts use the lodestar method to calculate an appropriate fee award by multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). The party seeking fees is "charged with the burden of showing the reasonableness of the hours billed and, therefore, [is] also charged with proving that [its attorney(s)] exercised billing judgment." *Id.* "The court should exclude all time that is excessive, duplicative, or inadequately documented [and] [t]he hours surviving this vetting process are those reasonably expended in litigation." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). While plaintiff's counsel is not required to record in great detail how each minute of his time was expended, he should identify the general subject matter of his time expenditures. *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983).

After calculating the lodestar, the court may decrease or enhance the amount based on the relative weights of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). The Fifth Circuit has instructed that "of the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

### III.   DISCUSSION

Pierre correctly notes in his reply that Defendants do not meaningfully challenge Pierre's status as a prevailing party,[1] and Defendants offer no challenge whatsoever to his attorney's $375/hour billing rate nor his out-of-court expenses and taxable court costs. Accordingly, under the circumstances presented here, and in the absence of any substantive argument to the contrary, the undersigned concludes (1) that Pierre is properly considered a prevailing party and thus eligible for an award of attorneys' fees under 42 U.S.C. § 1988; (2) his attorney's $375/hour rate is reasonable; and (3) the out-of-pocket expenses and court costs Pierre seeks are reasonable and recoverable. Accordingly, the sole remaining issue for the Court to determine whether the hours for which Pierre seeks fees were reasonably expended.[2]

---

[1] Defendants appear to doubt Pierre's status as a "prevailing party"—*see* Dkt. 79, at 3 (stating "if the Court should conclude Plaintiff is the prevailing party …")—but offer no argument to explain why he should not be considered the prevailing party in this litigation.

[2] Both parties mention the *Johnson* factors in their pleadings, but neither party applies them, nor does either side argue that the lodestar amount should be adjusted upward or downward in light of them. Accordingly, the undersigned does not address them here.

*Saizan*, 448 F.3d at 799. In this connection, Defendants complain (1) that several of Pierre's attorney's time entries are too vague; (2) the amount of time billed for certain tasks was excessive; and (3) that because Pierre's motion for summary judgment was granted in part and denied in part, the Court should not award fees for time expended on the denied portion of his claim.

As for Defendants' vagueness complaint, while Pierre's attorneys could have included more detail in the challenged time entries, the undersigned does not conclude that the entries are so vague as to prevent a "meaningful review" of the necessity of counsel's tasks. *La. Power & Light Co.*, 50 F.3d at 326 ("The district court may properly reduce or eliminate hours when the supporting documentation is too vague to permit meaningful review."). The challenged entries record counsel's work on (1) an application for a temporary restraining order; (2) revisions to the complaint filed in federal court; (3) trial briefing; (4) a motion for new trial; (5) a reply brief filed in the court of appeals; and (6) preparation for oral argument in the court of appeals. Dkt. 79, at 4-5. These entries afford the undersigned enough detail to determine if these tasks were unnecessary or overbilled, and thus the undersigned declines to reject them for vagueness.

Defendants challenge the amount of time expended on several of these same entries as excessive for the task billed or duplicative of other tasks. Dkt. 79, at 5-7. Having reviewed the entries and pleadings, however, the undersigned disagrees. *See* Dkt. 86, at 6 (providing docket entries for each of the pleadings challenged as being

excessively billed). Accordingly, the undersigned does not recommend rejecting Pierre's claims for these fees as excessively or unnecessarily billed.

Finally, Defendants argue that the Court should reject at least a portion of the time Pierre's counsel spent on summary judgment briefing because the Court only granted the motion in part. Dkt. 79, at 7. Defendants do not, however, suggest any specific manner to account for this. *Id.* The Supreme Court has recognized that in cases like these, "plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). For this reason, the Supreme Court advises district courts to "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation," and "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* Here, while the Court denied Pierre's request for an injunction, the Court concluded that Defendants' conduct did violate his procedural due process rights and granted Pierre a declaratory judgment to that effect, enabling Pierre to obtain the notice and hearing he argued he was entitled to. In light of the overall object of Pierre's suit against Defendants, the undersigned concludes that Pierre's counsel should recover fees for the full amount of time expended on the motion for summary judgment, irrespective of the fact that the motion was granted in part and denied in part.

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Pierre's Opposed Motion for Award of Costs of Court, Attorney's Fees and Expenses, Dkt. 77, in full. The undersigned recommends that the District Court enter an order awarding Pierre $85,156.25 in attorney's fees, $2,042.68 in expenses incurred in connection with the litigation, and $958.00 in taxable court costs. The referral to the undersigned is **CANCELED**.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED December 19, 2022.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE